UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY KLUMP,

        Plaintiff,

v.

        Case Number 08-10120-BC
        Honorable Thomas L. Ludington

OGLEBAY NORTON MARINE SERVICES
COMPANY, LLC, and OGLEBAY NORTON
MARINE MANAGEMENT COMPANY, LLC,
        Defendants.
_____ /

## ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AND FOR LEAVE TO FILE ANSWERS INSTANTER

Defendants Oglebay Norton Marine Service Company and Oglebay Norton Marine Management Company's ("Defendants") motion to set aside Clerk's entry of default [Dkt. # 7] is presently before the Court. Though Defendants admit neglect on its part, the Court will **GRANT** Defendants' motion to set aside entry of default because Sixth Circuit authority demonstrates that a district court should grant such a motion when doing so would not prejudice the plaintiff and the defendant offers a potentially meritorious defense to the substantive allegations. *See Shepard Claims Service, Inc., v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986).

Although Defendants' motion was scheduled for hearing before this Court on March 24, 2008, the Court has reviewed the parties' submissions and finds that the relevant law and facts have been set forth in the briefs. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

I

On January 8, 2008, Plaintiff Randy Klump ("Plaintiff") filed a two count complaint under the Jones Act, 48 U.S.C. § 688 *et seq.*, alleging Defendants were liable for negligence and breach of implied warranty. Plaintiff contends that he sustained injuries while riding his bicycle when he slipped on loose gravel on Defendants' dock. On January 14, 2008, Plaintiff served Defendants by certified mail. Defendants' answer was due on February 4, 2008. Defendants did not timely answer the complaint. On February 9, 2008, Plaintiff requested a Clerk's entry of default, which the Clerk entered on February 11, 2008.

Defendants acknowledge proper service. Defendants' counsel contends that he was aware of the impending suit, but that Defendants did not inform him that service had been accomplished. Defendants' counsel maintains that he became aware of effective service upon receiving notice of the Clerk's entry of default. Soon thereafter, Defendants filed the instant motion on February 18, 2008.

II

"The courts may set aside an entry of default for good cause . . . " Fed. R. Civ. P. 55(c). This circuit evaluates the following three factors to determine whether a defendant has demonstrated "good cause:" (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Shepard Claims Service, Inc., v. William Darrah & Assoc.*, 796 F.2d 190, 192 (6th Cir. 1986). In order to demonstrate prejudice, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). "'Delay alone is not a sufficient basis for establishing prejudice.'" *Id.* (*quoting INVST Financial Group, Inc., v. Chem-Nuclear Systems, Inc.*, 815 F.2d

-2-

391, 398 (6th Cir. 1987)). The second inquiry is whether defendant has provided allegations, if considered in favor of the defendant, that would support a meritorious defense. *Berthelsen*, 907 F.2d at 621. The defense presented must be "good at law," but the Court need not determine the likelihood of success. *Shepard Claims*, 796 F.2d at 192-93. To demonstrate culpable conduct, "a defendant must display either an intent to thwart judicial proceedings or a reckless disregard to the effect of its conduct on those proceedings." *Id.* at 194. A defendant's negligent conduct that is "careless and inexcusable" may still "qualify for relief under the 'good cause' standard . . . " *Id.*

Whether to set aside an entry of default is within a court's discretion, though a "strong preference for trials on the merits in federal courts has led to the adoption of a somewhat modified standard of review where defaults are involved." *Shepard Claims*, 796 F.2d at 193. Though a court should consider all three factors, "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id.* at 194. "Where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Id.* at 195; *see also Marbly v. Dep't of the Treasury*, 22 Fed. Appx. 371, 372 (6th Cir. 2001) (stating that "a district court abuses its discretion in denying a motion to set aside an entry of default when the first two factors favor setting aside the entry) (*citing Shepard Claims*, 796 F.2d at 194).

III

Evaluating the factors discussed in *Shepard Claims*, 796 F.2d at 192, Defendants have demonstrated "good cause" under Rule 55(c). First, Plaintiff has not identified any specific

justification indicating that setting aside will prejudice him in a manner as discussed in *Berthelsen*, 907 F.2d at 621. Plaintiff does not contend that , as the result of the delayed answer, evidence will be destroyed, discovery will be more arduous, or Defendants' have engaged or will engage in fraud. *See id.* Thus, in the absence of an articulated demonstration of prejudice coupled with the relatively short time period that Defendants filed their motion, this factor is clearly in favor of Defendants.

Next, the Court turns its attention to whether Defendants have offered any defenses to the allegations contained in the complaint. With respect to the meritorious defense, Defendants offered the following defenses:

> First, Defendants did not own the shore side premises where the injury allegedly occurred. Second, Plaintiff's alleged injury did not occur aboard the vessel that is the subject of this litigation. Third, to the extent Plaintiff was not "in the service of the ship" at the time of the alleged injury, because he was returning to the vessel from a personal excursion, Defendants are not liable to him. Fourth, Plaintiff's contributory negligence will absolve or limit any liability.

Dkt. # 7 at 7. Defendants supplement their meritorious defense argument with the following allegations:

> At the time of the alleged accident, Plaintiff was riding his own bicycle, which was not the ship's equipment. (See Employee Certificate of Injury or Illness, attached as Exhibit C). Additionally, the condition of the dock where the alleged accident occurred was open and obvious and Plaintiff has a duty to exercise reasonable care for his own safety. Further, Plaintiff was operating his bicycle alone, and the loose gravel that may have contributed to Plaintiff's alleged accident is not dangerous.

Dkt. # 7 at 7, fn 2. Moreover, Defendants attached a proposed answer to Plaintiff's complaint denying and admitting certain facts, and offering affirmative defenses.

Plaintiff contends that Defendant has presented only "conclusory denials." In the Court's view, Defendants' proffered defenses exceed conclusory denials. Next, Plaintiff contends that Defendants have not provided statutory authority or case law in support of their meritorious defense.

-4-

Plaintiff does not provide, however, any authority of his own demonstrating that Defendants' meritorious defense must rely on legal authority. In fact, it appears that the Sixth Circuit merely requires that Defendant supply a defense "good at law." *See Shepard Claims*, 796 F.2d at 192-93. There is no indication that Defendants' defenses are not "good at law," thus, this factor favors Defendant.

Finally, Defendants' failure to answer in a timely fashion is negligent and may be culpable conduct under the standard set forth in this circuit. Defendants acknowledge being served, having knowledge of the suit prior to service, and communicating their knowledge of the potential suit to counsel. Defendants, however, took no action until notice of the Clerk's entry of default. Such lack of response, despite formal and informal notice of the complaint, may indeed be "reckless disregard."

The Court need not make a determination, because this factor is inconsequential to its analysis as the previous factors weigh in favor of Defendants. In light of the holding in *Shepard Claims*, 796 F.2d at 193, that it is error to deny a Rule 55(c) motion when the first two factors favor the moving party, and that Defendants moved within a week of the Clerk's entry of default and prior to entry of default judgment, the Court will grant Defendants' motion.

IV

Accordingly, it is **ORDERED** that Defendants' motion to set aside the Clerk's entry of default [Dkt. # 7] is **GRANTED**. Defendants may file answers to the complaint **on or before April 18, 2008.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 8, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 8, 2008.

                                     s/Tracy A. Jacobs
                                     TRACY A. JACOBS