UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY KLUMP,

        Plaintiff,

                                        Case Number 08-10120-BC

v.                                        Honorable Thomas L. Ludington

OGLEBAY NORTON MARINE SERVICES
COMPANY, LLC and OGLEBAY NORTON
MARINE MANAGEMENT COMPANY, LLC,

        Defendants.
_____ /

**ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION, SUSTAINING PLAINTIFF'S OBJECTION, SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTION, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, REFERRING DEFENDANTS' MOTION TO STRIKE, AND PERMITTING THE PARTIES TO FILE ADDITIONAL DISPOSITIVE MOTIONS**

On January 8, 2008, Plaintiff Randy Klump ("Plaintiff") filed a complaint pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq.*, alleging Defendants Oglebay Norton Marine Service Company ("Defendant ONMS") and Oglebay Norton Marine Management Company's ("Defendant ONMM") negligence and the unseaworthiness of their vessel caused Plaintiff's injuries when he slipped on loose gravel while riding a bicycle on a dock. On December 31, 2008, Defendants moved for summary judgment. Dkt. # 24. The parties agree that Plaintiff sustained his injury on a third-party-owned dock where the ship was moored. Consequently, Defendants contend they are entitled to summary judgment because: (1) a claim for unseaworthiness only applies to a vessel and its appurtenances, not a dock; and (2) Defendants did not owe Plaintiff a legal duty to maintain the dock to support a negligence cause of action.

On April 1, 2009, Magistrate Judge Charles E. Binder issued a report and recommendation that the Court grant Defendants' motion for summary judgment. With respect to the unseaworthiness claim, Judge Binder agreed that Defendants' duty only extends to the vessel or its appurtenances, which the dock was not a part. Next, the magistrate judge concluded that a factual dispute existed whether a legal duty existed, but reasoned that Plaintiff could not establish that Defendants' or its agent's breached that duty or the breach was the proximate cause of the injury.

For the reasons stated below, the Court will **ADOPT** in part and **REJECT** in part the report and recommendation, **SUSTAIN** Plaintiff's objection, **OVERRULE** Defendants' objection, **GRANT** in part and **DENY** in part Defendants' motion for summary judgment, and **REFER** Defendants' motion to strike to the magistrate judge.

I

As the magistrate judge noted, the facts of this case are generally undisputed. He summarized the record as follows:

> The facts are undisputed. Plaintiff works as a crewmember on the M/V David Z. Norton. This case arises out of events occurring on June 9, 2006, while Plaintiff was returning from shore leave and reporting back to Defendant's vessel at Calcite Harbor, which is near Rogers City, Michigan. Plaintiff had been home visiting with his family in Rogers City and rode his bicycle back to the vessel. At oral argument, defense counsel clarified that a gated area that must be traversed to reach the vessel and its adjoining dock is owned by O-N Minerals Company . . . While in this area, approximately 100 feet or more away from the vessel, Plaintiff encountered loose gravel and fell off his bicycle, injuring his clavicle. Due to his injury, Plaintiff was deemed unfit for duty for over a year until August 2007, at which time he returned to work. During this time, Plaintiff received maintenance and cure for his injuries.

Dkt. # 46 at 2.

In support of their motion for summary judgment, Defendants submitted a declaration furnished by David E. Sweitzer ("Sweitzer"). *See* dkt. # 24-4. Sweitzer serves as counsel for

Carmeuse Lime, Inc., which is the parent corporation of Carmeuse Lime & Stone, Inc. ("CLS"). *Id.* at ¶¶ 1-2. According to Sweitzer, CLS currently owns Oglebay Norton Company ("Oglebay") in its entirety. *Id.* at ¶ 3. At the time of the accident, Oglebay owned Defendant ONMS and the owner of the dock, O-N Minerals. *Id.* at ¶¶ 5, 13. Defendant ONMM was a wholly owned subsidiary of Defendant ONMS. *Id.* at ¶ 8. Thus, at the time of the incident, Defendant ONMS, Defendant ONMM, and O-N Minerals were each entirely owned, directly or indirectly, by the same entity, Oglebay.

II

A motion for summary judgment under Federal Rule of Civil Procedure 56 presumes the absence of a genuine issue of material fact for trial. Under Rule 56(c), a court must review "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to conclude that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). "Materiality" is determined by the substantive law claim. *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000). An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics and Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248). When

the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 534 (6th Cir. 2002).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. "[T]he party opposing the summary judgment motion must do more than simply show that there is some metaphysical doubt as to the material facts." *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003) (citations and internal quotations omitted).

III

A

First, the magistrate judge concluded that Defendants were entitled to summary judgment of Plaintiff's unseaworthiness claim because the dock was not part of the vessel or appurtenances. Dkt. # 46 at 24. Plaintiff's objection does not dispute this conclusion, and the Court will adopt the magistrate judge's recommendation to grant summary judgment in favor of Defendant with respect to the unseaworthiness claim.

B

Next, the objections focus on conclusions reached by the magistrate judge with respect to the negligence cause of action. A prima facie negligence claim under the Jones Act requires Plaintiff to establish that he was a seaman, he was acting in the course of his employment when the injury occurred, and Defendants or their agents "played any part in [causing] the injury." *Rannals v. Diamond Jo Casino*, 265 F.3d 442, 448 (6th Cir. 2001). Moreover, "[p]roof of negligence (duty and breach) is essential to recovery under the Jones Act, and an employer's conduct in a Jones Act case is reviewed under the ordinary prudence standard normally applicable in negligence cases." *Id.* (citing *Perkins v. American Elec. Power Fuel Supply, Inc*., 246 F.3d 593, 598 (6th Cir.2001) (citing *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir.1997))) (quotations omitted).

Defendants' motion for summary judgment challenged Plaintiff's ability to identify a duty owed to him. *See* dkt. # 24. Defendants assert that Plaintiff's injury occurred outside the usual place of ingress such that any duty to provide a safe work environment did not extend to that area. *Id.* at 11-12. In the alternative, Defendants argue that they did not exercise any control or dominion over the dock where Plaintiff was injured. *Id.* at 9-11. The magistrate judge rejected both of these arguments, dkt. # 46 at 7-17, 20-21, but concluded that the record did not support a breach of duty on Defendants' or its agent's behalf. *Id.* at 17-20.

Both parties filed an objection. Defendants' objection asserts that the magistrate judge incorrectly rejected both of their arguments associated with duty. *See* dkt. # 47 at 2. In contrast, Plaintiff's objection contends that the magistrate judge exceeded the issues advanced by Defendants' motion for summary judgment by concluding that Plaintiff could not establish breach of duty. *See* dkt. # 48 at 2-3. Each argument shall be addressed in turn.

i

In rejecting Defendants' ingress argument, Judge Binder concluded that a seaman is acting in the course of employment "while returning from shore leave by the route customarily taken by the vessel crew . . . ." Dkt. # 46 at 10-11 (quoting *Daughenbaugh v. Bethlehem Steel Corp., Great Lakes S.S. Div.,* 891 F.2d 1199, 1207 (6th Cir. 1989)). Defendants contend that the magistrate judge applied the "traversing" or "commuting" principle from the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, when the more narrow "ingress and egress" principle employed in Jones Act cases was appropriate. The Court is not persuaded by this argument and agrees with the magistrate judge.

Indeed, *Daughenbaugh* concluded that a sailor returning from shore leave was acting in the course of employment for the purposes of the Jones Act. 891 F.2d at 1207. Defendants believe that the significance of *Daughenbaugh* is limited to whether a shipowner may be found negligent when its officers assume a duty to escort an inebriated seaman to the vessel. While that court did address that issue, it also concluded that a seaman acts in the course of employment when returning from shore leave by a "route customarily taken." *Id.* As emphasized in the report and recommendation, *Daughenbaugh* is relatively recent Sixth Circuit authority, which considered a claim under the Jones Act. While Defendants offer a number of cases from a variety of courts in support of its "ingress/egress" theory, Defendants have not offered any Sixth Circuit authority contradicting *Daughenbaugh*. Consequently, the Court agrees that Plaintiff has demonstrated a triable question of fact by establishing that he injured himself on the dock while returning from shore leave.

ii

Second, the magistrate judge addressed whether the third party's negligent maintenance of the dock could be imputed to Defendants. Dkt. # 46 at 15-17. Judge Binder concluded that "although there is no evidence on this record of a contractual relationship between O-N Minerals and Defendant, there is evidence of an implicit agreement or license to permit Defendants' employees to enter the gated area and proceed over O-N Mineral's property to reach the employer's vessels." Dkt. # 46 at 17. Indeed, "a third party's negligence in providing a safe workplace for an employer's workers may be imputed to the employer where the third party has a contractual relationship with the employer and the employee is acting in the course of her employment on the third party's premises." *Rannals v. Diamond Jo Casino*, 265 F.3d 442, 450 (6th Cir. 2001).

Defendants' objection disputes the finding that Defendants and O-N Mineral maintained an implicit contractual agreement to maintain the dock in a safe manner. Dkt. # 47 at 8-9. The *Rannals* court did not find that there was an explicit contractual agreement between the ship owner and the third party to provide a safe working environment. Rather, the ship owner's duty to provide a safe working environment was imputed to the conduct of the third party if a contractual agreement exists and "the employee was acting in the course of [ ] employment [while] on the third party's premises." 265 F.3d at 450. As discussed above, Plaintiff was returning from shore leave and, thus, was acting in the course of his employment. The relevant inquiry is whether the record supports the magistrate judge's conclusion of a contractual or commercial agreement that would make O-N Mineral Defendants' agent. *See id.*

The record provides some support to find that Defendants and O-N Mineral had a contractual or commercial relationship. Defendants acknowledge that their vessel was consensually docked at

-7-

O-N Mineral's dock for the purpose of loading cargo at the time of Plaintiff's injury and have not disputed a commercial relationship between the entities. Indeed, a representative of Defendants' parent company acknowledges that, at the time of the accident, O-N Minerals was a wholly owned subsidiary of Oglebay – the same company that directly or indirectly owned Defendants. *See* dkt. # 24-4 at 1-2. Consequently, the common control of enterprises by a single parent entity supports the conclusion of an implicit agreement or license to permit Defendants' employees to utilize O-N Minerals's property for access to Defendants' vessel. The Court agrees with the magistrate judge.

iii

Turning to Plaintiff's objection, Plaintiff maintains the report and recommendation improperly concluded that the record established that the surface of the dock only had "de minimis irregularities" and Plaintiff's own negligence led to his injury. Dkt. # 46 at 19 (quoting *Przybylinski v. CSX Transp., Inc.*, 292 F. App'x 485, 490 (6th Cir. 2008). Plaintiff argues that the magistrate judge exceeded the scope of his review by reaching conclusions concerning an issue not fully briefed by the parties and the Court agrees. Indeed, Defendants' reply brief emphasized that their motion for summary judgment "challenged Plaintiff's negligence claim on the issue of ***duty*** only." Dkt. # 29 at 2 (emphasis in original). In evaluating the dock's condition, the magistrate judge's inquiry extended to the breach of duty and causation elements, which Defendant did not advance as a basis for summary judgment.

Under the summary judgment standard, the moving party has "the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts." *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). Defendants acknowledge that they did

not advance this issue in their moving papers; thus, Plaintiff did not have a reasonable opportunity to fully respond. On the other hand, as Defendants emphasize, Plaintiff's response brief initiated discussion of these issues. Regardless, the report and recommendation did address the issue, which illustrates that Plaintiff may not be able to demonstrate a factual dispute with respect to the breach of duty or causation elements of his negligence claim. Thus, it is appropriate to reject the recommendation to grant the motion for summary judgment. The Court will permit the parties, however, to file supplemental dispositive motions addressing breach of duty and causation.

iv

Defendants' objection raises two minor points. First, Defendants advanced the "open and obvious" defense in opposition to a negligence claim predicated on a failure to train theory. *See* dkt. # 24 at 12 (citing *Patterson v. Allseas USA Inc.*, 137 F.App'x 633, 637 (5th Cir. 2005)). The magistrate judge concluded that this doctrine was inapplicable because Plaintiff has not advanced a failure to warn theory. Defendants agree with this conclusion, provided that Plaintiff may not advance this theory. Plaintiff has remained silent with respect to this issue. Ultimately, the Court agrees that the defense is irrelevant here because Plaintiff has not advanced a theory of failure to warn.

Second, Defendants object to the magistrate judge's conclusions with respect to the causation standard employed in Jones Act cases. Because analysis on this point is unnecessary to the conclusions in the report and recommendation, the Court does not reach any related conclusion. To the extent this issue of law is relevant at trial, the parties shall have an opportunity to advance their view of the applicable standard.

Lastly, Defendants contend that their motion to strike Plaintiff's expert report should have

been granted. The magistrate judge recommended that the Court deny the motion as moot. In light of the Court's analysis, the motion shall be again referred to the magistrate judge.

IV

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [Dkt. # 46] is **ADOPTED** in part and **REJECTED** in part. Plaintiff's objection [Dkt. # 48] is **SUSTAINED** and Defendants' objection [Dkt. # 47] is **SUSTAINED** in part and **OVERRULED** in part.

It is further **ORDERED** that Defendants' motion for summary judgment [Dkt. # 24] is **GRANTED** in part and **DENIED** in part. Plaintiff's claim for unseaworthiness is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Defendants' motion to strike the report of Roger L. Wabeke [Dkt. # 30] is **REFERRED** to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(A).

It is further **ORDERED** that the parties may file a dispositive motion addressing the issues of breach of duty and causation on or before **June 22, 2009**.

                                                      s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

Dated: May 22, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 22, 2009.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS