UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY KLUMP,

        Plaintiff,

                                                  Case Number 08-10120-BC
v.                                             Honorable Thomas L. Ludington

OGLEBAY NORTON MARINE SERVICES
COMPANY, LLC AND OGLEBAY NORTON
MARINE MANAGEMENT COMPANY, LLC,

        Defendants.
_____ /

## ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE AND SETTING TRIAL SCHEDULE

Plaintiff Randy Klump was returning from his home in Rogers City, Michigan to his job as a cook aboard the M/V David Z. Norton on June 9, 2006, when he allegedly slipped on some loose gravel while attempting to get back on his bicycle and fell, fracturing his clavicle. *See* Dep. of Randy Klump ("Pl.'s Dep.") at 9. At the time of his fall, he was located on the dock where his ship was tethered. *Id.* at 24. Nineteen months later, on January 8, 2008, Plaintiff filed a complaint against his employer pursuant to the Jones Act, 46 U.S.C. § 30104, and general maritime law, alleging Defendants' negligent maintenance of the dock and the unseaworthiness of Defendants' vessel caused the fall.

Defendants Oglebay Norton Marine Services Company, LLC and Oglebay Norton Marine Management Company, LLC ("Defendants") moved for summary judgment on December 31, 2008 [Dkt. # 24], and the motion was granted in part and denied in part on May 22, 2009 [Dkt. # 51]. The unseaworthiness claim was dismissed, but the Jones Act Claim was permitted to move forward. *Id.* at 7. While Plaintiff's employer, the owner and operator of the ship, did not own the dock, it was

conceded that the dock was owned by O-N Minerals Company, an affiliate of Plaintiff's employer. Oglebay Norton Company wholly owned both subsidiary companies at the time of Plaintiff's injury. The evidence adduced by the parties supported the conclusion that Plaintiff was not trespassing at the time, and that the ship was tethered with the implied consent of the Defendants' corporate affiliate. Thus, it is reasonable to infer that the Defendants could have affected the condition of the dock, or in the alternative, they could have located a safer option.

Defendants filed a second motion for summary judgment on June 1, 2009 [Dkt. # 52]. The motion was denied on October 2, 2009 because whether Defendant had exercised due care in maintaining the dock and whether the alleged maintenance problems contributed to the fall were issues of material fact, making summary judgment inappropriate. [Dkt. # 68]

Shortly after the Court addressed the first motion for summary judgment in this case, Plaintiff filed a second complaint in federal court against Defendants' corporate affiliates and the fee owners of the dock, O-N Minerals Company, Carmeuse Lime & Stone, Inc., and Carmeuse Lime, Inc. Case No. 09-12189. The second case was originally assigned to Judge Arthur Tarnow in the Southern Division of the Eastern District of Michigan, but was transferred to this Court as a companion case to this matter. Case No. 09-12189; [Dkt. # 13]. Now before the Court is Plaintiff's motion to consolidate the two cases.

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a)(2). Whether to consolidate cases is within the trial court's discretion, and a court may order a consolidation despite the objection of one or even both parties. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citations omitted). The court should consider several factors to ensure efficiency, including " 'the risk of inconsistent

adjudications of common factual and legal issues, the burden on [the] parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives.' " *Id.* (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)) (other citations omitted).  However, the trial court should also "take care" that consideration of judicial economy is not given disproportionate weight compared to concerns about "prejudice or unfair advantage" that may arise from consolidation.  *Cantrell*, 999 F.2d at 1011.  A court may choose not to consolidate cases "if the common issue is not central to the resolution of the cases, or if consolidation will cause delay in the processing of one or more of the individual cases, or will lead to confusion or prejudice in the effective management or trial of one or more of the cases."  Charles Alan Wright, et al., 9A *Federal Practice and Procedure* § 2383 (3d ed. 2008 & supp. 2009).

Upon initial review, the pair of cases filed by Plaintiff appear to be strong candidates for consolidation pursuant to Rule 42(a).  Both cases involve the same individual plaintiff and closely related corporate defendants that share similar ownership structures.  [Dkt. # 26 at 8].  Both cases revolve around the same set of facts, and will give rise to similar disputed issues, including causation and damages.  And both cases raise similar legal questions concerning whether the various Defendants owed Plaintiff a duty of care and whether they acted in compliance with that duty, even though the cases rely on different legal theories and the scope of the applicable legal duty may vary.

However, as the Defendant ship owners emphasize in their opposition to the motion to consolidate [Dkt. # 71], several factors also counsel against consolidation in this case.  First, even though the legal issues are similar, they are not the same.  As Plaintiff's employer, Defendants' are

legally responsible under the Jones Act to provide a reasonably safe workplace for the Plaintiff. The later-filed premises liability case is grounded on the fee owners' responsibility to care for their property and to avoid foreseeable risks to occupants of the property. While it is true that the employer and the premises owner might consensually allocate their respective responsibility, they have not raised those issues inter se in either case, and the Plaintiff, of course, is only entitled to a single recovery for his injury. Indeed, the Defendant dock owners have filed a motion for summary judgment, contending that the open and obvious doctrine, a defense to premises liability under Michigan law, absolves the dock owners of liability. Case No. 09-12189; [Dkt. # ]. The Court has already rejected the same argument as inapplicable to the case against the ship owners because Defendants' duty to the Plaintiff does not arise out of a premises liability theory. [Dkt. # 51 at 9].

Second, the case against the ship owners was filed seventeen months before the case against the dock owners. During that time, discovery was completed and the Court considered and decided several motions, including two potentially case-dispositive motions filed by the Defendant. Although Plaintiff attempted to consolidate the cases sooner—he requested permission from the ship owner Defendants to amend his original complaint to add the dock owners before he filed the second complaint and he noted his position that consolidation was appropriate in that complaint—it does not change the fact the case against the ship owners is much further along than the case against the dock owners. *See* Case No. 08-10120 Mot. to Consolidate Ex. A; [Dkt. # 70-A]; Case No. 09-12189 Pl.'s Cmpl. ¶ 7; [Dkt. # 1]. Indeed, discovery in the case against the ship owners closed on December 31, 2008 and the case is ready for trial. By contrast, a Rule 16 scheduling order has not yet been entered in the case against the dock owners, and discovery has apparently not even begun.

Having carefully considered these factors, the Court finds that the timing issues, which at

all times have been in Plaintiff's control, are determinative, and the motion to consolidate must be denied

Accordingly, it is **ORDERED** that Plaintiff's motion to consolidate [Dkt. # 70] is **DENIED**.

It is further **ORDERED** that the case management and scheduling order will be amended as follows:

- motions in limine filed by: March 9, 2010
- final pretrial order and jury instructions due: March 31, 2010
- final pretrial conference: April 6, 2010 at 2:30 p.m.
- trial: April 20, 2010 at 8:30 a.m.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 17, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 17, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS