UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY KLUMP,

        Plaintiff,

v.

        Case Number 08-10120-BC
        Honorable Thomas L. Ludington

OGLEBAY NORTON MARINE SERVICES
COMPANY, LLC AND OGLEBAY NORTON
MARINE MANAGEMENT COMPANY, LLC,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANTS' MOTION IN LIMINE

Plaintiff Randy Klump was traversing a calcite dock in Rogers City, Michigan on June 9, 2006 when he slipped and fell while attempting to restart his bicycle, sustaining injuries. He was a cook aboard a vessel owned by Defendants' Oglebay Norton Marine Services Company, LLC and Oglebay Norton Marine Management Company, LLC, and was returning to work aboard the vessel when the fall occurred. On January 8, 2008, Plaintiff filed a complaint in this Court alleging claims under the Jones Act, 46 U.S.C. § 30104, and general maritime law. Subsequent decisions have narrowed the issues, and the only remaining question is whether Defendants, as his employers, are liable for his injuries under the Jone Act. A jury trial is set to begin on April 20, 2010 at 8:30 a.m. A final pretrial conference will be held on Monday April 12, 2010 at 3:00 p.m.

Currently before the Court is Defendants' motion in limine to preclude Plaintiff from arguing "that this lawsuit in general, or the Jones Act in particular, is his 'only remedy' or that this lawsuit represents Plaintiff's only chance to have his day in court." Pl.'s Mot. at 3; [Dkt. # 75]. As an initial matter, there is no indication from the record that Plaintiff intends to argue that this is his "only

remedy" or that he is entitled to have "his one day in court."  Moreover, such an argument has no basis in fact.  According to an early report and recommendation, Plaintiff was entitled to, and did receive, "maintenance and cure" to compensate him for missed work and medical treatment related to the injury.  [Dkt. # 51].  Plaintiff is seeking additional maintenance and cure payments in this case.  Plaintiff also has a second lawsuit pending in this court against the owner of the dock where the injury occurred.  Case No. 09-12189.  Nevertheless, Plaintiff has filed a response opposing Defendants' motion in limine, and contending he is entitled to discuss workers compensation and his entitlement to "one day in court" before the jury.

The motion is set for hearing on April 12, 2010, at the same time as the final pretrial conference.  The parties' papers provide sufficient information about the facts and law underlying the motion.  Accordingly, the hearing is unnecessary and will be canceled.  E.D. Mich. L.R. 7.1(f).  The final pretrial conference will still be held as scheduled.  While Defendants' premise—that the availability of other avenues or redress for his injuries is irrelevant to the present cause of action—is sound, it is not yet clear what Plaintiff intends to argue.  Accordingly, it is too early to prohibit the use of certain words or phrases throughout the trial, and the motion will be denied without prejudice.

"All relevant evidence is admissible . . . . Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed. R. Evid. 403.  Defendants contend that evidence suggesting this lawsuit is Plaintiff's "only remedy" should be excluded because it is "irrelevant,

-2-

untrue[,] and will unduly prejudice" Defendants.

Defendants rely on a recent Northern District of Ohio case in which "any argument by Plaintiff that this action is Plaintiff's only remedy" was excluded pursuant to a pretrial motion in limine. *Munns v. CSX Transp., Inc.*, No. 3:07CV2507, 2009 WL 805133, at * 1 (N.D. Ohio Mar. 27, 2009). The plaintiff in *Munns* was a retired railroad employee who was allegedly injured on the job. He filed suit against his former employer under the Federal Employers Liability Act ("FELA"). 45 U.S.C. § 51, et seq. The *Munns* court noted that the plaintiff had also received disability benefits from the Railroad Retirement Board, and concluded that "Plaintiff shall make no reference or allusion that in any way suggests that recovery in this case is his exclusive recourse. This includes statements such as his ' "day in court" is "it for him." ' " *Id.* The court reasoned that, in light of the disability benefits, such a statement would be incorrect, and "improperly and impermissibly suggest[]" that no other recovery had been received. *Id.*; *see also Sullivan v. Chesapeake & Ohio Ry. Co.*, 947 F.2d 946 (6th Cir. 1991) (unpublished table decision) (noting that if Plaintiff's counsel opens the door to discussion of collateral sources of recovery, Defendants may also be able to inquire into such sources).

Plaintiff's response focuses on the specific phrase "one day in court," and insists that he "should be entitled to inform the trier of fact that he is allowed only one opportunity in court to present his claims." Plaintiff emphasizes that he should be able to inform the jury that this is his "one day in court," but he does not directly question Defendants' assertion that he should not be able argue this case is his only avenue to recovery. The response also raises an argument concerning the "collateral source rule." Plaintiff acknowledges that the "collateral source rule" generally prohibits evidence relating to collateral sources of benefits, such as disability insurance benefits, because such

evidence "is readily subject to misuse by a jury." *Eichel v. New York Cent. R.R. Co.*, 375 U.S. 253, 355 (1963). Plaintiff further acknowledges that he cannot argue to the jury that his ineligibility for workers compensation benefits entitles him to relief under the Jones Act.

Both parties are generally correct. Defendants correctly emphasizes that Plaintiff should not be permitted to argue this case is his only avenue of recovery because it is not his only avenue of recovery. He received maintenance and cure benefits from his employer [Dkt. # 51], and he currently has another suit pending in this Court against the dock owner (No. 09-12189). Moreover, Plaintiff has not articulated how the availability or unavailability of other avenues of recovery is relevant to his ability to recover under the Jones Act. However, Plaintiff correctly emphasizes that there is no reason to completely prohibit the use of the phrase "one day in court" throughout the duration of the trial. Indeed, when the trial starts, it will be Plaintiff's "one day in court" as it relates to these defendants. He should be free to remind the jury of that fact as long as he does not cross the line and suggest that "his one day in court" is his only avenue of recovery.

Additionally, both parties acknowledge that the collateral source rule generally bars parties from introducing evidence that a plaintiff in a FELA case has already received disability insurance benefits because of concerns the jury will offset the FELA award by the amount already received from the insurance company. Neither party, however, articulates in a coherent manner how that rule applies to this case. The key point, which both parties seem to acknowledge, is that Plaintiff cannot argue he is entitled to a Jones Act recovery because he is not eligible for workers compensation benefits. However, an order barring the use of the words "workers compensation" is unnecessary. It is possible that workers compensation may be relevant at some point in the trial. For example, courts have occasionally made reference to workers compensation when explaining maintenance and

cure. *See Olsen v. Am. S.S. Co.*, 176 F.3d 891, 898 (6th Cir. 1999); *West v. Midland Enters.*, 227 F.3d 613, 617 (6th Cir. 2000). Moreover, to the extent Plaintiff asserts that his ineligibility for workers compensation benefits entitles him to Jones Act relief, Defendants will be entitled to raise maintenance and cure or other work-related benefits on cross examination. *See Sullivan*, 947 F.2d 946 (table).

In sum, Plaintiff cannot argue that this case is his "only" avenue to recovery, but Defendants have not demonstrated that a broad order prohibiting the use of the phrases "one day in court" and "workers compensation" is necessary.

Accordingly, it is **ORDERED** that Defendants' motion in limine [Dkt. # 75] is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**. Defendants may renew their objections at trial if necessary.

                                                          s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

Dated: April 12, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 12, 2010.

                                                s/Tracy A. Jacobs
                                               TRACY A. JACOBS